(February 25, 1921.)

OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant, v. COUNTY OF GOODING, Respondent.

[196 Pac. 196.]

TAXATION—REVENUE—WARRANT REDEMPTION FUND.

1. Art. 7, sec. 15, of the constitution is not self-executing. It contains a direction to the legislature to make provision for the levy by the county commissioners of a tax for the purpose of

creating a warrant redemption fund whenever any county shall have warrants outstanding and unpaid.

2. The county commissioners derive their power to levy taxes solely from the statutes.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County.  Hon. Wm. A. Babcock, Judge.

Action to recover taxes paid under protest.  Demurrer to complaint was sustained and action dismissed.  *Reversed.*

Geo. H. Smith and H. B. Thompson, for Appellant.

In *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965, the court did not have before it, and did not have in mind, a question touching the making of a levy for the redemption of any warrants issued subsequent to the second Monday of April and preceding the second Monday in September, when the levy for the redemption of such "outstanding county warrants issued prior to the second Monday of April in said year" was required by the statute to be made.  It was never contemplated by the court that the decision should be invoked as authority for the construction adopted and applied by the county commissioners and here contended for by them.

A. F. James and H. A. Padgham, for Respondent.

That portion of sec. 99 of chap. 58, Session Laws of 1913, which provides that the county commissioners shall make a levy for the redemption of all county warrants issued prior to the second Monday of April must not be so construed as to prohibit such board from making a levy for the redemption also of county warrants issued after the second Monday of April and prior to the time of such levy.  (*Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965.)

RICE, C. J.—Appellant brought this action to recover a certain sum of money paid as taxes to respondent under protest.  It stands admitted that on the second Monday of April, 1916, there were no outstanding county warrants

which had been previously issued by respondent. Notwithstanding that fact, the board of county commissioners levied one mill on each dollar of taxable property in the county for the redemption of outstanding county warrants. Respondent claims to have acted under the authority of 1913 Sess. Laws, chap. 58, sec. 99 (now C. S., sec. 3217), which reads in part as follows: ". . . . and upon the same property and for the same year, the said board must levy a tax for the redemption of outstanding county warrants issued prior to the second Monday of April in said year, to be collected and paid into the county treasury and apportioned to the county warrant redemption fund, which levy must be sufficient for the redemption of all such outstanding county warrants . . . . "

The board of county commissioners derives its power to levy taxes solely from the statute. Under the section quoted it has no power to levy a tax for the purpose of establishing a warrant redemption fund, unless there are unpaid county warrants issued prior to the second Monday of April in the year in which the levy is made. No authority can be found in art. 7, sec. 15, of the constitution for the levy by the county commissioners of a tax for that purpose except through legislative action. The case of *Peavy v. McCombs,* 26 Ida. 143; 140 Pac: 965, has no application to the question here presented.

The judgment is reversed and the trial court directed to overrule the demurrer to the complaint. Costs awarded to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.